Argued January 17; affirmed January 30; rehearing denied
February 27, 1945

## JACKSON COUNTY *v.* FEHL
(155 P. (2d) 312)

Before BELT, Chief Justice, and ROSSMAN, BAILEY,
LUSK and HAY, Associate Justices.

*Earl H. Fehl,* of Medford, in pro. per.

*George W. Neilson,* District Attorney, for respondent.

BAILEY, J.  On December 7, 1938, Jackson county commenced a proceeding to foreclose the liens for delinquent taxes against numerous tracts and parcels of land in that county.  Earl H. Fehl, the appellant herein, was named as one of the defendants.

The court ordered that the summons in the foreclosure proceeding "be served upon defendants therein named and each and every person owning or claiming to own or having or claiming to have any interest whatsoever in the land described in said summons, * * *" by publication, and that the summons be published "at least once each week for at least four successive and consecutive weeks".  It further ordered that the summons "shall direct the said defendants therein named" and every person having any interest in the property "to appear within six weeks from the date of the first publication of the said summons, exclusive of the date of said first publication, and defend the action * * *."  The published summons was in accordance with the foregoing order of the court.

Thereafter, and on May 8, 1939, an order of default was entered against the defendants who had not appeared in the proceeding, and on the same day a judgment and decree was entered foreclosing the tax liens against the tracts of land to which no defense

had been made. The case was continued as to five parcels of land described in the foreclosure proceeding.

The defendant Earl H. Fehl, on April 9, 1943, filed his answer in which he contested the foreclosure of the liens against those tracts. After trial on the merits, the circuit court entered what is designated a "supplemental judgment and decree" foreclosing the tax liens against those parcels of land. From this judgment and decree Earl H. Fehl has appealed.

Appellant contends that he was not the record owner of any of the tracts of land involved in the foreclosure proceeding, and therefore he was not a necessary or proper party defendant. On the trial, his wife, who was called as one of his witnesses, testified that they had an interest in some, if not all five, of the tracts of land which were included in the supplemental judgment and decree.

Section 69-816, Oregon Code Supplement 1935, as amended by § 2, chapter 56, Oregon Laws 1935, Special Session, as further amended by § 2, chapter 470, Oregon Laws 1937, was in effect at the time this proceeding was instituted, and provides in part as follows:

" * * * All persons interested in any property involved in any such proceeding may be made codefendants, and if unknown, may be named therein as unknown owners, and the publication of such notice shall be sufficient service on all persons interested. The name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described, shall be considered and treated as the owner of said property, and each such proceeding shall be a proceeding in rem against the property itself. * * * *"

Inasmuch as Mr. Fehl had or claimed an interest in some of the parcels of land involved in the foreclosure proceeding, he was a proper party defendant. We are unable to determine, however, from the record before us whether he was a necessary party defendant. If he did not claim any interest in any of the property included in the foreclosure proceeding, he was in no position to interpose objections to the entry of the decree. 61 C. J., Taxation, §1561, at page 1154.

It is further argued that the published summons was void and of no effect for the reason that it required the defendants to appear within six weeks instead of within sixty days from the date of the first publication of the summons. In support of this contention the appellant relies upon *Elliott v. Clement,* 175 Or. 44, 149 P. (2d) 985. The published summons there under consideration required the defendants "to appear within sixty days from and after the date of service upon you, exclusive of the first day of said service, and defend this suit." We held that the summons did not comply with the statute then in effect regulating the publication of summons in tax foreclosure proceedings, and that the decree foreclosing the tax liens against the property in litigation and the sale thereof were void.

The facts in that case differ very materially from those in the instant case. There no appearance whatsoever was made in the foreclosure proceeding by the owners of the real property; here Mr. Fehl actually appeared, filed an answer, and contested the foreclosure of the tax liens. By making a general appearance the appellant waived any and all defects in the form and service of summons. *Clatsop County v. Taylor,* 167 Or. 563, 574, 119 P. (2d) 285, and authorities

therein cited. It is therefore unnecessary to decide whether the published summons met the statutory requirements.

■■ The appellant asserts that the amount of delinquent taxes which the court found against the respective tracts of land was in excess of the amount shown in the tax statements received by him from the sheriff of Jackson county after the institution of the foreclosure proceeding. Based on the assumption that the tax statements received by him from the sheriff were correct, appellant argues that the judgment is for excessive amounts and therefore erroneous.

The tax statements received by the appellant from the sheriff do not purport to show all the delinquent taxes against the separate tracts of land. Each of them has the following notation, "Interest and penalty not included in above amount." These statements were furnished by the sheriff to Mr. Fehl as a matter of courtesy and were not the best evidence as to the amount of the delinquent taxes. The judgment was based upon the amounts shown in the certificates of delinquency, and the finding of the court is supported by uncontradicted evidence.

We have carefully examined the entire record and find no error.

The decree appealed from is therefore affirmed.